UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BMG MUSIC, a New York general partnership; FONOVISA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and CAPITOL RECORDS, INC., a Delaware corporation,

Plaintiffs,

v.

JOSE VASQUEZ,

Defendant.

Civil No. CA 06 122

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

**PARTIES**

4. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

5. Plaintiff Fonovisa, Inc. is a division of Univision Music LLC. Univision Music LLC is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

10. Plaintiffs are informed and believe that Defendant is an individual residing in this District.

**COUNT I**

**INFRINGEMENT OF COPYRIGHTS**

11. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

12. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

13. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

14. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

15. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

16. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

17. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

18. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded

recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated this 17th day of March, 2006.

By: James E. O'Neil

James E. O'Neil (RI Bar # 2097)
The Meadows, Suite A103
1130 Ten Rod Road
North Kingstown, RI 02852
Phone (401) 667-7111
Fax (401) 667-7112

Attorney for BMG MUSIC; FONOVISA, INC.; UMG RECORDINGS, INC.; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP INC.; and CAPITOL RECORDS, INC.